FILED

APR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNIKA TSCHUDY SIMMONS, | No. 14-35404 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05671-MAT |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Submitted March 7, 2016 **

Before: PREGERSON, LEAVY and OWENS, Circuit Judges.

Annika Tschudy Simmons appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. Simmons alleged

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability due to a back injury. At step four, the administrative law judge (ALJ) determined that Simmons could perform her past relevant work as a case manager, social service worker, and career services counselor. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's order de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), we affirm.

1. The record evidence supports the ALJ's conclusion that Simmons's mental impairments did not qualify as "severe" because they began to develop within twelve months of the February 1, 2011, end date of the requested closed period of disability. SSR 82-52, 1982 WL 31376 at *1 (1982) (Titles II & XVI: Duration of the Impairment). Simmons's experience and report of pain due to her physical impairments do not establish the onset of separate, pain-related mental impairments. *See* 20 C.F.R. § 404.1508.

2. The ALJ provided clear and convincing reasons for discrediting Simmons's testimony concerning her symptoms. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ properly considered that the objective medical evidence did not support Simmons's allegation that her neck and back pain was wholly disabling. *Burch v. Barnhart*, 400 F.3d 678, 681 (9th Cir. 2005). Additionally, the ALJ properly relied on inconsistencies between Simmons's claims of debilitated functioning and contemporaneous reports of actual

functioning. *See Molina*, 674 F.3d at 1112; *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

3. The ALJ provided germane reasons for discounting the lay witness testimony to the extent that the witnesses' statements were not relevant to Simmons's ability to work, inconsistent with the record medical evidence, or inconsistent with Simmons's own reports of her abilities. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

4. The ALJ's residual functional capacity (RFC) assessment and the resulting hypothetical posed to the vocational expert are supported by substantial evidence. *See Osenbrock*, 240 F.3d at 1163. The ALJ did not err in failing to incorporate into the RFC non-exertional limitations related to Simmons's subjective pain complaints; as discussed above, the ALJ did not err in discounting Simmons's testimony regarding the limiting effects of her pain. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–76 (9th Cir. 2008). Moreover, any error in failing to incorporate certain postural limitations into the RFC was harmless because none of the jobs the ALJ identified at step four of the sequential analysis require climbing, balancing, stooping, kneeling, crouching, or crawling. *See* DOT 195.107-030, 1991 WL 671574 (social services worker); DOT 195.107-010, 1991 WL 671569 (case manager); DOT 045.107-010, 1991 WL 646621 (counselor).

3

Finally, the ALJ's RFC determination is supported by the opinion of Simmons's treating physician who stated, at the conclusion of treatment, that Simmons could return to work with a limitation on lifting, pushing, pulling, or carrying more than twenty pounds. *See Bayliss*, 427 F.3d at 1217.

**AFFIRMED.**